UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARCUS WILSON, *et al.*,

                          Plaintiffs,

     -against-                                      9:18-CV-0391 (LEK/TWD)

ANTHONY J. ANNUCCI, *et al.*,

                          Defendants.

## DECISION AND ORDER

**I.**     **INTRODUCTION**

This pro se action was brought by plaintiffs Marcus Wilson, Larry McNair, Clete Birkett, Matthew Jackson, Brian Piscopo, David Carter, and Felix Morales, asserting claims against named and "John Doe" defendants arising out of their incarceration at Auburn Correctional Facility. Dkt. No. 1 ("Complaint"). Only the Eighth Amendment conditions-of-confinement claims brought by Wilson and Carter survived sufficiency review. See Dkt. No. 12 ("June 2018 Order") at 2, 6, 9–10; Dkt. No. 34 ("September 2018 Order").

Presently before the Court is a submission from Wilson, which the Court has liberally construed as a motion for reconsideration of the parts of the June 2018 Order dismissing his claims brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. See Dkt. No. 58 ("Motion for Reconsideration").[1]

---

[1] Discovery closed in this case on November 14, 2019. See Dkt. No. 52 ("October 2019 Text Order"). Thereafter, Defendants filed a motion for summary judgment. Dkt. No. 54. That motion remains pending and will be decided by separate order.

## II.     MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) reconsideration becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.[2] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

Wilson does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence that was not previously available and therefore could not have been alleged in the Complaint. Thus, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

As an initial matter, Wilson's Motion for Reconsideration, which was filed more than a year after the issuance of the June 2018 Order, is untimely. See Fed. R. Civ. P. 59(e) (motion to alter or amend judgment must be filed no later than 28 days after entry of judgment). "An untimely motion for reconsideration is treated as a Rule 60(b) motion." Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010). To the extent that the Motion for Reconsideration may be construed as seeking relief under subsections (b)(1)–(3) of Rule 60, it is time-barred. See Fed. R.

---

[2] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

Civ. P. 60(c)(1) (motions seeking relief under Rule 60(b)(1)–(3) must be filed no later than one year after entry of the judgment or order). Moreover, Wilson does not allege that the June 2018 Order is void, see Fed. R. Civ. P. 60(b)(4), or that it is based on an earlier judgment that has been reversed or vacated, or that it can no longer be prospectively applied equitably, see Fed. R. Civ. P. 60(b)(5). Thus, his only option for relief lies in Rule 60's residual clause, which permits the court to relieve a party from a judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Given that Wilson provided no explanation for his lengthy delay in filing the Motion for Reconsideration, the Court cannot say that the motion was filed "within a reasonable time," as required by Rule 60(c). See Fed. R. Civ. P. 60(c)(1). Furthermore, even if the motion were timely, a party seeking to avail himself of Rule 60(b)(6) must demonstrate that "extraordinary circumstances warrant relief," and may not use the Rule to "circumvent the one-year time limitation in other subsections of Rule 60(b)." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quotation marks omitted). The Court has previously addressed—and rejected—the merits of Wilson's claims that he was unlawfully discriminated against in violation of the ADA and the Rehabilitation Act. See June 2018 Order at 6–8. Thus, Wilson has failed to demonstrate that the dismissal of those claims was legally incorrect, nor otherwise provided any other explanation for why extraordinary circumstances warrant relief in this situation.

In sum, after reviewing Wilson's Motion for Reconsideration and affording it due consideration in light of his status as a pro se litigant, the Court finds that Wilson has presented no legitimate basis for reconsideration of the June 2018 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Wilson's Motion for Reconsideration (Dkt. No. 58) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:     April 16, 2020
           Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge