UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARCUS WILSON, *et al.*,

                Plaintiffs,

-against-                                  9:18-CV-0391 (LEK/TWD)

ANTHONY J. ANNUCCI, *et al.*,

                Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiffs Marcus Wilson, Larry McNair, Clete Birkett, Matthew Jackson, Brian Piscopo, David Carter, and Felix Morales bring this action against named and "Doe" defendants, asserting claims arising out of Plaintiffs' incarceration at Auburn Correctional Facility ("Auburn C.F."). Dkt. No. 1 ("Complaint"). At this stage, only the Eighth Amendment conditions-of-confinement claims brought by Wilson and Carter remain in this action. See Dkt. No. 12 ("June 2018 Order") at 2, 6, 9–10; Dkt. No. 34 ("September 2018 Order"). In a Report-Recommendation issued on April 23, 2020, the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, granted Defendants' motion for summary judgment with respect to all claims remaining in this action. Dkt. No. 70 ("Report-Recommendation"). On May 7, 2020, Carter filed objections. Dkt. No. 71 ("Carter Objections").

For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

**II.    BACKGROUND**

    **A. Defendants' Motion for Summary Judgment and the Report-Recommendation**

The undisputed material facts are detailed in the Report-Recommendation, familiarity

with which is assumed. See R. & R. at 3–4. The Court briefly summarizes these facts for convenience. In short, over a period beginning in January 2017 and spanning more than a year, in the eating areas of the mess hall in Auburn C.F., there were sometimes birds, often bird feces, and at times human blood present. Id. Defendants made some efforts to address these problems, including having inmates disinfect surfaces in the mess hall every morning, establishing cleanup crews to power wash certain areas, and bringing in an outside company to remove birds. Id. at 4. In March 2018, Wilson and Carter developed respiratory infections. Id.

Defendants moved for summary judgment on a variety of grounds, including that no reasonable jury could conclude that the above-described facts amounted to a violation of the Eighth Amendment. Id. at 5. Judge Dancks granted summary judgment on this ground alone, declining to reach Defendants' other arguments. Id. at 6.

### B. Objections

Carter filed objections, see Carter Objections, but Wilson did not. In his Objections, Plaintiff contends that the presence of bird feces, under the conditions and for the duration described, satisfies the objective prong of an Eighth Amendment claim. Id.

## III. STANDARDS OF REVIEW

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).

However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Summary Judgment

Federal Rule of Civil Procedure 56 instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Similarly, a party is entitled to summary judgment when the nonmoving party

has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

## IV. DISCUSSION

Carter's objection to the Magistrate Judge's Report-Recommendation with respect to the objective severity of mess hall conditions for purposes of Plaintiffs' Eighth Amendment claims "simply reiterate[s] [Plaintiffs'] original arguments," Farid, 554 F. Supp. 2d. at 306, in their motion in opposition to summary judgment, see, e.g., Dkt. No. 57-2 at 5 (referring to the "objective" prong of an Eighth Amendment claim). The Court thus reviews this aspect of the Report-Recommendation for clear error. The Court reviews the remaining aspects of the Report-Recommendation, to which neither Plaintiff has objected, for clear error as well. See Barnes, 2013 WL 1121353, at *1.

The Court finds no clear error. The Report-Recommendation addresses at length the issue of whether conditions in the mess hall were objectively severe enough to run afoul of the Eighth Amendment, citing extensively to analogous cases involving bird feces, human feces, and other sorts of bodily fluids, and concludes that the exposure to bird feces and human blood in this case was not of sufficient proximity or duration that a reasonable jury could find that Plaintiffs established sufficiently severe objective conditions. See R. & R. at 10–13. With respect to the subjective prong of Plaintiffs' Eighth Amendment claims, the Magistrate Judge appropriately concluded, with ample support in the case law, that the efforts taken by prison officials to clean the mess hall in response to inmates' grievances would prevent a reasonable jury from finding that Defendants possessed the requisite level of intentionality. Id. at 13–16.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 70) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Clerk is directed to close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	September 02, 2020
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge